UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JTH TAX, INC. d/b/a LIBERTY
TAX SERVICE,

       Plaintiff,

     v.                           CIVIL ACTION NO. 2:06cv486

RONALD LEE,

       Defendant.

<u>MEMORANDUM ORDER</u>

    This matter comes before the court on defendant Ronald Lee's ("Lee") motion to transfer venue from the Eastern District of Virginia to the Central District of Illinois, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Lee's motion to transfer venue is **DENIED**.

## I.  Facts and Procedural Background

    This lawsuit arises out of plaintiff JTH Tax, Inc.'s ("JTH")[1] termination of Lee's five franchise agreements. JTH, the franchisor, is a Delaware corporation, with its headquarters and principal place of business in Virginia Beach, Virginia. JTH specializes in franchising tax preparation businesses throughout the United States. Lee, the franchisee, is an individual, who resides in Rock Island, Illinois.

---

[1] JTH is also referred to as Liberty Tax Service in the franchise agreements at issue in this action.

In March 2002, Lee began investigating business opportunities on the Internet and requested franchise information from JTH. During his investigation, Lee attended a JTH seminar in Virginia Beach, Virginia, on May 31, 2002, and June 1, 2002, where John Hewitt ("Hewitt"), Chief Executive Officer of JTH, and other officers and employees of JTH promoted franchise opportunities. At the seminar, Lee met privately with Hewitt, where they discussed Lee's potential purchase of JTH franchises. Following this meeting, JTH provided Lee with JTH's Uniform Franchise Offering Circular and Franchise Agreement. Based upon his investigation and interaction with JTH, Lee submitted a franchise application on June 13, 2002. After gaining approval from JTH, Lee purchased five JTH franchises between 2002 and 2005. Specifically, on July 24, 2002, Lee purchased JTH territories in Iowa, known as IA011, IA012, and IA013; on August 16, 2002, Lee purchased an additional JTH territory in Iowa, known as IA007; and on July 1, 2005, Lee purchased a JTH territory in Illinois, known as ILL103. With each of these purchases, JTH and Lee entered into franchise agreements, which outlined the responsibilities and obligations of each party. These five agreements were identical, except for the territory descriptions. Because Lee resides in Illinois, JTH attached an "Illinois Addendum" to each agreement. This addendum expressly eliminated the choice-of-law provisions and forum-selection

clauses, which generally appear in JTH agreements.[2]

Lee operated his five tax preparation businesses without any major incident until mid-to-late 2005, when the relationship between JTH and Lee began to deteriorate.  JTH alleges that Lee owed it money pursuant to the franchise agreements.  As a result, on June 16, 2006, JTH sent Lee a notice to cure for failure to pay the money, which was thirty days past due.  According to JTH, after Lee received this letter, he still failed to cure the breach and instead "began to exude strange behavior."  Compl. at 3.  More specifically, on June 29, 2006, Lee sent JTH a mock "notice to cure," along with invoices asserting that JTH owed money to Lee. Id.  Because of Lee's failure to cure, JTH notified Lee by letter that it had terminated Lee's five franchise agreements as of August 10, 2006.  In regards to this termination, JTH alleges that Lee has refused to abide by post-termination obligations, which were specified in the franchise agreements.[3]  JTH contends that Lee

---

[2] JTH stated that it removed the choice-of-law provisions and forum-selection clauses from its franchise agreements with Lee, because the Illinois Franchise Disclosure Act voids such provisions for Illinois residents.  See 815 ILL. COMP. STAT. 705/4, 41.

[3] The franchise agreements expressly state that

[i]n the event that this Agreement . . . is terminated for any reason by any party, . . . you must immediately:

a. Remove all Liberty signs from all of your offices and other premises; and

b. Stop identifying yourself as a Liberty Tax franchisee, never hold out as a former Liberty

violated the post-termination provisions in the franchise agreements by retaining JTH client files, Operations Manual, and telephone numbers, and by operating three tax preparation businesses named "U.S. Tax Service" at the same locations where JTH

---

Tax franchisee and cease, and not thereafter commence, use of any of the Marks or any marks which are likely to be confused with the Marks; and

c. Stop using all literature received from us and other items bearing the Marks; and

d. Pay to us all amounts owing to us; and

e. Transfer to us all telephone numbers, listings and advertisements used in relation to the Franchised Business and deliver to us copies of such documents of transfer; and

f. Deliver to us all copies, including electronic copies, of lists and other sources of information containing the names of customers who patronized the Franchised Business; and

g. Deliver to us all customer tax returns, files, records and all copies thereof; and

h. Deliver to us the copy of the Operations Manual and all updates which we loan to you; and

i. Cancel all fictitious name listings which you have filed for use of any of the Marks; and

j. Adhere to the provisions of the covenant not to compete and any other covenant herein that requires performance by you after you are no longer a franchisee.

Compl. Ex. 1.

used to be located.  JTH contends that Lee violated the covenant not to compete and covenant not to solicit provisions contained in the franchise agreements.  JTH further alleges that Lee has continued to list his business under JTH's federally registered trademarks and has even attempted to disguise the operation of these businesses by listing his wife, Terri Lee, as the owner.

On August 29, 2006, JTH filed a two-count complaint, alleging trademark infringement, in violation of the Lanham Act, 15 U.S.C. § 1114 et seq. (count I), and breach of contract (count II), seeking both monetary and injunctive relief.  JTH states that jurisdiction is based on both federal question and diversity of citizenship.  In addition, JTH simultaneously filed a motion for a preliminary injunction.[4]  Thereafter, on September 11, 2006, Lee

_____

[4] JTH asks this court to enter a preliminary injunction order, which would compel Lee, his employees, and his agents to

> (a) discontinue further use of the marks "Liberty Income Tax," "Liberty Tax Service," and "Liberty Tax Service" and design, or any mark confusingly similar thereto;

> (b) transfer to Liberty or its designee all rights to the telephone number (563) 322-3597, (563) 386-3422 and (309) 736-9499 and any other telephone number previously used at the Lee franchises;

> (c) deliver to Liberty all copies, including electronic copies, of lists and other sources of information containing the names of customers who patronized Lee's former Liberty Tax Service businesses;

> (d) deliver to Liberty all customer tax returns, files, records and all copies thereof;

> (e) deliver to Liberty its Operations Manual and all

was personally served; however, he did not respond within the required time limit.[5]   Thus, on January 25, 2007, JTH filed a motion for default judgment.   At JTH's request, the Clerk entered default against Lee on January 30, 2007.

On February 8, 2007, Lee, proceeding pro se, filed a motion to transfer venue under 28 U.S.C. § 1404(a), which the Clerk filed subject to defect for being late.   On February 14, 2007, Lee filed his answer to JTH's complaint, which the Clerk also filed subject

---

updates which Liberty loaned to Lee;

(f) through August 10, 2008 not directly or indirectly prepare or electronically file income tax returns, or offer Bank Products, within his former Liberty Territories or within 25 miles of the boundary of such Territories;

(g) through August 10, 2008 not directly or indirectly, within the Liberty Territories or within 25 miles of the boundaries of such Territory, solicit the patronage of any person or entity served by Lee's prior Liberty offices during the time period August 10, 2005 through August 10, 2006 for the purpose of offering such person or entity tax preparation, electronic filing or Bank Products; and

(h) such other and further relief as to the Court may seem [sic] just and proper.

Pl.'s Mot. for Prelim. Inj. at 2.

[5] Lee filed for bankruptcy in the United States Bankruptcy Court for the Central District of Illinois on September 25, 2006. Upon this filing, the bankruptcy court issued an automatic stay of all pending litigation against Lee.   JTH, however, filed for relief from this stay and on December 29, 2006, the bankruptcy court modified it to allow JTH to proceed with litigation against Lee in Virginia.   Notwithstanding, Lee failed to respond to JTH's complaint, which was due on or about January 10, 2007.

to defect for being late.  Lee also filed a timely response to
JTH's motion for default judgment at this time.  On February 20,
2007, JTH responded to Lee's motion to transfer venue.  On March 7,
2007, Lee filed a motion for leave to file a counterclaim, which
asserted state law claims related to the franchise agreements.[6]

On March 7, 2007, this court held a hearing on all outstanding
matters.  After hearing argument from the parties, the court (1)
lifted the entry of default against Lee; (2) lifted the defects and
filed Lee's motion to transfer venue and answer; (3) granted Lee's
motion for leave to file a counterclaim; (4) found JTH's motion for
default judgment to be moot; (5) ordered JTH's motion for a
preliminary injunction to be consolidated with a hearing on the
merits; and (6) took Lee's motion to transfer venue under
advisement, giving each party ten days to file supplemental briefs.
After this hearing, Lee filed an additional memorandum in support
of his motion to transfer venue on March 14, 2007.  Likewise, on
March 20, 2007, JTH filed its supplemental memorandum in opposition
to Lee's motion.  JTH also filed a number of affidavits in
opposition to transfer.  Accordingly, Lee's motion to transfer
venue is now ripe for review.

-----

[6] Specifically, Lee alleges that JTH violated the Illinois
Franchise Disclosure Act, 815 ILL. COMP. STAT. 705/6 (count I);
committed tortious interference with business expectancy (count
II); breached the duty of good faith and fair dealing (count III);
and violated Iowa Code § 537A.10 (count IV).

## II. Analysis[7]

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision of whether to transfer an action under § 1404(a) is committed to the sound discretion of the district court. In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984); Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). In applying this statute to the facts at hand, this court "must make two inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).

### A. Venue in Transferee Forum

Lee requests that this court transfer venue to the Central District of Illinois. As an initial matter, this "court must determine whether the proposed transferee court is one in which the action originally may have been brought." BHP Int'l Inv., Inc. v. OnLine Exch., Inc., 105 F. Supp. 2d 493, 498 (E.D. Va. 2000); see Blackhawk Indus., Inc. v. Bonis, 238 F. Supp. 2d 748, 749 (E.D. Va.

---

[7] This court will only analyze Lee's motion to transfer venue under 28 U.S.C. § 1404(a), as that is the venue provision under which Lee has moved and JTH has responded.

2003).  Venue is proper in a civil action, where jurisdiction is not based solely on diversity of citizenship, in any "judicial district where any defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(b)(1).  Because the parties acknowledge that Lee resides in Illinois and is thus subject to personal jurisdiction therein, this court finds that there is no question that JTH could have originally filed this action in Illinois.  Accordingly, this court finds that venue would be proper in the Central District of Illinois and that this action meets the initial eligibility criteria for transfer set forth in 28 U.S.C. § 1404(a).

## B. Balance of § 1404(a) Convenience and Justice Factors

Next, the court must determine whether transfer would be for the convenience of the parties and witnesses and in the interest of justice.  Blackhawk Indus., Inc., 238 F. Supp. 2d at 750.  In deciding whether to grant transfer pursuant to § 1404(a), this court must consider "the following four factors:  (1) the plaintiff's [initial] choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice."  Precision Franchising, LLC v. Coombs, No. 1:06CV1148, 2006 WL 3840334, at *2 (E.D. Va. Dec. 27, 2006); Corry v. CFM Majestic Inc., 16 F. Supp. 2d 660, 666 (E.D. Va. 1998).  The movant bears the burden of showing that transfer is proper.  Cognitronics Imaging Sys. v. Recognition Research Inc., 83 F. Supp. 2d 689, 696

(E.D. Va. 2000).  The movant must also demonstrate that transfer does more than merely "shift the inconvenience" to the other party. DMP Corp. v. Fruehauf Corp., 617 F. Supp. 76, 77 (W.D.N.C. 1985).

### 1. Plaintiff's Choice of Venue

"The initial choice of forum, from among those possible under the law, is a privilege given to the plaintiff." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 633 (E.D. Va. 2003).  "To overcome that privilege, a movant 'bears the burden of demonstrating that the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought.'" Id. (quoting Medicenters of Am., Inc. v. T & V Realty & Equip. Corp., 371 F. Supp. 1180, 1184 (E.D. Va. 1974));  see Beam Laser Sys., Inc. v. Cox Commc'ns, Inc., 117 F. Supp. 2d 515, 519 (E.D. Va. 2000).  Accordingly, the "[p]laintiff's choice of venue is entitled to substantial weight, unless plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum." Hanover Ins. Co. v. Paint City Contractors, Inc., 299 F. Supp. 2d 554, 556 (E.D. Va. 2004); Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1256 (E.D. Va. 1988).

In this case, JTH's choice of venue is entitled to substantial weight, as it is undisputed that JTH filed this action in its home district, the Eastern District of Virginia.  In its complaint, JTH expressly states that its corporate headquarters and principal

place of business are located in this district in Virginia Beach. Lee does not dispute this contention. In addition, many of JTH's employees, who may be relevant witnesses at trial, work and reside in this district. Furthermore, from JTH's end, all of the negotiations for the purchases of the franchises, including Lee's private meeting with Hewitt, and the signing of the agreements occurred in Virginia. JTH also received payments from Lee and provided tax preparation support services to Lee in Virginia. Accordingly, this court finds that JTH has more than sufficient ties to this district and thus substantial weight is given to JTH's initial choice of venue. In order to overcome this substantial weight, Lee must demonstrate that the deference due to JTH's choice is clearly outweighed by other factors. Bd. of Trs., 702 F. Supp. at 1256; see Nossen v. Hoy, 750 F. Supp. 740, 742 (E.D. Va. 1990).

## 2. Witness Convenience and Access

"This factor is often the most important in balancing for a potential § 1404(a) transfer, but the influence of this factor may not be assessed without reliable information identifying the witnesses involved and specifically describing their testimony." Precision Franchising, LLC v. Coombs, No. 1:06CV1148, 2006 WL 3840334, at *5 (E.D. Va. Dec. 27, 2006); Bd. of Trs., 702 F. Supp. at 1258 (stating that "[w]itness convenience is often dispositive in transfer decisions"). In regards to supplying the court with specific information identifying potential witnesses, this court

11

has stated that

> [t]his type of particularized information, typically
> submitted in affidavit form, is necessary to enable the
> court to ascertain how much weight to give to a claim of
> inconvenience.   Inconvenience   to   a   witness   whose
> testimony is cumulative is not entitled to greater
> weight.   By contrast, greater weight should be accorded
> inconvenience to witnesses whose testimony is central to
> a claim and whose credibility is also likely to be an
> important issue.

Bd. of Trs., 702 F. Supp. at 1258.  Furthermore, in many instances,

the original forum is convenient for the plaintiff's witnesses,

while the reverse is true for the defendant's witnesses.  Id.   In

such   circumstances,   this   court   has   held   that   transfer   is

inappropriate as it would "serve only to 'shift the balance of

inconvenience.'"   Id. (quoting E. Scientific Mktg. v. Tekna-Seal

Corp., 696 F. Supp. 173, 180 (E.D. Va. 1988)).

In this action, Lee argues that the balance of witness

inconvenience strongly weighs in favor of transfer.   While Lee

describes the general subject of testimony and provides some

information identifying the witnesses as "former clients and

employees"   and   "current   and   former   Liberty   Tax   Service

franchisees," he has not specifically identified any witness by

name or produced affidavits describing such testimony or the

inconvenience they will suffer.   In addition, though Lee claims

that he will possibly call "hundreds of witnesses" to refute JTH's

claims and to establish his own counterclaims, he has not named any

of these witnesses and he has failed to persuasively show why this

12

great number of witnesses would be needed or how such testimony would not be cumulative.  In regards to calling current and former JTH franchisees as witnesses, Lee does not fully demonstrate how such testimony would be relevant to defending against JTH's claims of trademark infringement or breach of contract or to establishing his counterclaims against JTH.

To the contrary, JTH has identified five witnesses, by name, who are JTH employees that reside and work in this district and would be inconvenienced by a transfer to Illinois.  To support this argument, JTH produced detailed affidavits from each potential witness, outlining the relevant testimony to be presented and the inconvenience that would result from a transfer.  Moreover, the relevant documents at issue in this case, the five franchise agreements, are located in Virginia.  Accordingly, even though the Virginia forum plainly presents an inconvenience to Lee's potential witnesses, transfer would only shift the inconvenience to JTH, which is not sufficient to warrant a transfer.  See Hardee's Food Sys., Inc. v. Rosenblatt, 44 F. Supp. 2d 767, 771 (E.D.N.C. 1998) (holding that transfer was not warranted in the franchisor-franchisee context, when "[o]n the one hand, all of Defendants' [franchisees'] witnesses are in Pennsylvania and would have to incur great expense to travel to North Carolina[, while] on the other hand, Plaintiff's [franchisor's] witnesses are in North Carolina and would incur their own travel expenses if the case were

transferred to Pennsylvania").

### 3. Party Convenience

The convenience of the parties is also a relevant consideration.  When evaluating this factor, "'[t]he logical starting point is a consideration of the residence of the parties.'"  Mullins v. Equifax Info. Servs., LLC, No. Civ.A. 3:05CV888, 2006 WL 1214024, at *6 (E.D. Va. Apr. 28, 2006) (quoting U.S. Fid. & Guar. Corp. v. Republic Drug Co., 800 F. Supp. 1076, 1080 (E.D.N.Y. 1992)).  Within this framework, this court has noted that "when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer." Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1259 (E.D. Va. 1988). Therefore, even though a defendant may be inconvenienced by litigating an action in a plaintiff's home district, a transfer is not appropriate where it would likely only serve to "'shift the balance of inconvenience'" from the plaintiff to the defendant. Id.  When such a shift occurs, it is not a proper basis for transfer.  Id.

Here, Lee argues that he is inconvenienced by this litigation because he resides in Illinois and lacks the financial resources to defend in Virginia.[8]  However, Illinois is an inconvenient forum

_____

[8] Lee has not offered any affidavit to support his inability to appear in Virginia.  In his motion and memorandum, Lee simply states that he has limited financial resources, as evidenced by his

for JTH to pursue its claims, as it has its headquarters, employee base, and principal place of business in Virginia. JTH's status as a corporation with sufficient resources to defend in a foreign forum is not a factor that this court considers in a transfer analysis. See Precision Franchising, LLC v. Coombs, No. 1:06CV1148, 2006 WL 3840334, at *5 (E.D. Va. Dec. 27, 2006); Intranexus, Inc. v. Siemens Med. Solutions Health Servs. Corp, 227 F. Supp. 2d 581, 584 (E.D. Va. 2002). Accordingly, transferring this action to Illinois would simply shift the balance of inconvenience from Lee to JTH, and thus this factor does not weigh persuasively in favor of transfer.

### 4. Interest of Justice

"The 'interest of justice' category is designedly broad." Bd. of Trs., 702 F. Supp. at 1260. It is meant to encompass all those factors bearing on transfer that are unrelated to the other three factors. Precision Franchising, LLC, 2007 WL 3840334, at *6. Such factors include the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to

---

filing for Chapter 7 bankruptcy in Illinois. However, JTH noted that Lee is no longer in bankruptcy, as his motion to dismiss the bankruptcy action was granted on February 15, 2007. In addition, JTH argues that Lee's "alleged" inability to fund counsel in Virginia is of his own doing. In support, JTH states, citing a finding by the Trustee in Lee's bankruptcy case, that shortly before filing for bankruptcy, Lee transferred $43,000.00 from a joint account to his wife's account in an effort to remove these funds from the bankruptcy estate. Thus, JTH argues that Lee's financial situation does not dictate the need for transfer.

premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment. Id. (citing GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)).

In this case, Lee has raised no relevant interest of justice factor in arguing for transfer.[9]   JTH, on the other hand, argues that docket conditions in the Eastern District of Virginia favor retaining venue in this district.   Nonetheless, JTH did not make any specific showing that docket conditions are substantially different in the two districts at issue. In any event, although somewhat relevant, docket conditions generally receive minor consideration and, as this court has held, cannot be the primary reason for retaining venue. See Cognitronics Imaging Sys., Inc. v. Recognition Research Inc., 83 F. Supp. 2d 689, 699 (E.D. Va. 2000). Thus, this factor warrants little, if any weight, in this instance.

In addition, JTH contends that this court's familiarity with

---

[9] In his argument, Lee stated that "JTH in its Motion for Default Judgment is expanding the list of defendants JTH is seeking an injunction against to possibly hundreds of unnamed individuals and business in Illinois and Iowa who may have been 'agents employees and all other persons in active concert or participation with' the Defendant." Pl.'s Mem. in Supp. of the Mot. to Transfer Venue at 3.   However, JTH correctly notes that Lee's statement is not legally accurate.   Instead, JTH's request for a preliminary injunction parallels the language of Rule 65 of the Federal Rules of Civil Procedure and merely requests, in boilerplate language, that an injunction be granted compelling Lee and all of his agents, employees, and all other persons in active concert or participation with him, to comply with the covenants contained in the five franchise agreements.   Therefore, Lee's argument is without merit on this issue.

the state law applicable in this action favors retention of venue. Courts have stated, when evaluating interest of justice, that "[c]onsideration should . . . be given to judicial familiarity with the governing laws." Bertnick v. Home Fed. Sav. & Loan Ass'n, 337 F. Supp. 968, 971 (W.D. Va. 1972). JTH argues that Virginia law governs its breach of contract claim, as well as Lee's counterclaims. JTH further argues that Lee's counterclaims under the Illinois and Iowa franchise statutes are not colorable because Lee signed a release. JTH has also moved this court to compel arbitration of Lee's counterclaims, as provided for in the franchise agreements. Although Lee has not responded to these arguments, this court assumes that he will oppose them. At this juncture, however, this court need not decide the choice-of-law or any other issues as they relate to Lee's motion to transfer venue. This court, sitting in both federal question and diversity jurisdiction, finds that any potential issues of state law do not present a problem in this case. This court can familiarize itself with either Illinois or Iowa law, if it is required to do so. As previously stated by this court, "[t]he nature of federal practice requires the Court to routinely interpret laws from jurisdictions across the nation." Intranexus, Inc. v. Siemens Med. Solutions Health Servs. Corp., 227 F. Supp. 2d 581, 585 (E.D. Va. 2002). Therefore, the interest of justice does not weigh in favor of transfer.

### 5.   Summary

In balancing all of the relevant factors of 28 U.S.C. § 1404(a), the court finds that Lee has not met his burden to overcome the substantial weight given to JTH's choice of forum.  As shown by this court, transfer in this instance would only shift the inconvenience from Lee to JTH.   This court thus hereby concludes that this litigation should not be transferred to the United States District Court for the Central District of Illinois, but, instead, should remain in the Eastern District of Virginia.

## III. Conclusion

For the reasons set forth above, Lee's motion to transfer venue is **DENIED**.   The Clerk is **DIRECTED** to send a copy of this Memorandum Order to defendant and counsel for plaintiff.

**IT IS SO ORDERED.**



                              /s/
                    Rebecca Beach Smith

Norfolk, Virginia

April 2, 2007