**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk News Division**

JTH TAX, INC.
d/b/a LIBERTY TAX SERVICE

       Plaintiff,

v.                                                                              ACTION NO. 2:06cv486

RONALD LEE,

       Defendant.

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On April 17, 2007, this action was referred to the undersigned United States Magistrate Judge for consideration of JTH Tax, Inc.'s ("JTH") motions to stay Ronald Lee's ("Lee") Counterclaim and compel arbitration [Doc. Nos. 30 - 31]. As a threshold matter, the Court must determine whether a motion to stay proceedings and compel arbitration is a dispositive or non-dispositive motion.

Under 28 U.S.C. § 636(b)(1)(A), magistrate judges may hear and determine any pretrial matters pending before the court with the exception of the following motions: motions for injunctive relief; motions for judgment on the pleadings; motions for summary judgment; motions to dismiss or quash an indictment or information made by the defendant; motions to suppress evidence in a criminal case; motions to dismiss for failure to state a claim upon which relief can be granted; and motions to involuntarily dismiss an action. In enacting Federal Rule of Civil Procedure 72, which describes the procedures to be followed by magistrate judges regarding pre-trial motions, Congress designated those motions that are excepted from a magistrate's hear and determine authority as

dispositive and those motions that are not within such authority as non-dispositive. Wimmer v. Cook, 774 F.2d 68, 72 n. 5 (4th Cir. 1985). Any motion that is listed in Section 636(b)(1)(A), or that is analogous to a motion listed therein, falls within the dispositive group. See Maisonville v. F2 America, Inc., 902 F.2d 746, 748 (9th Cir. 1990). Magistrate judges may hear the dispositive motions that are excepted from their "hear and determine" authority, however they may only make proposed findings of fact and recommendations, which are subject to *de novo* review if a party objects to the them. See 28 U.S.C. § 636(b)(1)(B).

Several United States District Courts have determined that a motion to compel arbitration is a dispositive motion. See, e.g, Leal v. Chapman Chevrolet, L.L.C., No. CV 06-1152-PHX-LOA, 2006 U.S. Dist. LEXIS 38586, at *3 (D. Ariz. June 9, 2006); Flannery v. Tri-State Div., 402 F. Supp. 2d 819, 821 (E.D. Mich. 2005); Alticor, Inc. v. Nat'l Union Fire Ins. Co., No. 1:03-CV-350, 2003 U.S. Dist. LEXIS 27109, at *2 (W.D. Mich. Dec. 10, 2003). On the other hand, others have determined that a motion to compel arbitration is not a dispositive motion. See, e.g., Jackman v. Jackman, No. 06-1329-MLB-DWB, 2006 WL 3792109, at *2 (D. Kan. Dec. 21, 2006); Torrance v. Aames Funding Corp., 242 F. Supp. 2d 862, 865 (D. Ore. 2002); Herko v. Met. Life Ins. Comp., 978 F. Supp. 141, 142 (W.D.N.Y. 1997). In an abundance of caution, this Court issues a report and recommendation to the District Judge pursuant to 28 U.S.C. § 363(b)(1)(B). For the reasons set forth below, the Court recommends that the motion to stay proceedings be GRANTED and that the motion to compel arbitration be GRANTED.

## I. Factual and Procedural History

For the purposes of deciding JTH's motions to stay and compel arbitration, the following facts are relevant. On August 29, 2006, JTH filed a complaint against Lee alleging trademark

infringement, in violation of the Lanham Act, 15 U.S.C. § 1114 et. seq., and breach of contract. Lee filed a four-count Counterclaim on March 12, 2007, in which he alleged that JTH violated the Illinois Franchise Disclosure Act, 815 Ill. Comp. Stat. 705/6; committed tortious interference with a business expectancy; breached the duty of good faith and fair dealing; and violated Iowa Code § 537A.10. JTH answered Lee's Counterclaim on March 20, 2007, denying each of Lee's four counts and asserting, as an affirmative defense, that Lee's claims should be brought, if at all, only in arbitration. (Pl. Answer 3.)[1] Also on March 20, 2007, JTH filed the instant motions to stay and compel arbitration.

The business relationship between Lee and JTH, which specializes in franchising tax preparation businesses throughout the United States, was formally initiated on July 24, 2002, when Lee purchased JTH territories in Iowa, known as IA011, IA012, and IA013. Lee purchased an additional JTH territory in Iowa, known as IA007, on August 15, 2002. On July 1, 2002, Lee purchased a JTH territory in Illinois, known as ILL103. With each of these purchases, JTH and Lee entered into franchise agreements, which outlined the responsibilities and obligations of each party. These five agreements were identical, except for the territory descriptions. Because Lee resides in Illinois, and the Illinois Franchise Disclosure Act voids provisions that designate jurisdiction or venue outside of Illinois, See 815 Ill. Comp. Stat. 705/4, 41, JTH attached an "Illinois Addendum" to each agreement. This addendum expressly eliminated the choice-of-law provisions, contained in paragraph 15.a., and forum-selection clauses, contained in paragraph 15.b., that typically appear in JTH agreements. Pursuant to the Illinois Addendum, the following paragraph was substituted in

---

[1] JTH also raised the following affirmative defenses: release, statute of limitations, failure to mitigate, unclean hands, laches, and failure to state a claim upon which relief can be granted. (Pl. Answer 3-4.)

place of the forum-selection clauses in each franchise agreement to which Lee was a party:

> You agree to bring any claim against us, including our present and former employees and agents, which in any way relates to or arises out of this Agreement, or any of the dealings of the parties hereto, solely in arbitration before the American Arbitration Association in the city or county where our National Headquarters office is located, presently in Virginia Beach, Virginia.

(Dec. of June Montalbano, Ex. 1 - 5.) Lee's signature is affixed to each Franchise Agreement as well as to each Illinois Addendum.

## II. Analysis

In its instant motion, JTH asserts that Lee's Counterclaim is not properly before the Court because it is subject to arbitration under the terms of the Illinois Addendum. Accordingly, JTH moves for this court to stay proceedings on Lee's Counterclaim under 1 U.S.C § 3, and to compel arbitration of them under 1 U.S.C. § 4[2].

In opposition, Lee presents five arguments to support his position that the Counterclaim is not subject to arbitration.[3] First, Lee argues that the Federal Arbitration Act ("FAA") does not apply to the franchise agreements because the agreements nowhere reference the FAA or state that the agreements are subject to the jurisdiction of the FAA. Second, Lee alleges that the Illinois Addendum is procedurally unconscionable because he had no bargaining power to negotiate JTH's standard franchise agreement, which he argues heavily favors the franchisor. Lee next argues that,

---

[2]The FAA "provides that a court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement, § 3; and it authorizes a federal district court to issue an order compelling arbitration if there has been a 'failure, neglect, or refusal' to comply with the arbitration agreement, § 4." Shearson / American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987).

[3]Lee does not contest that each count of his Counterclaim "relates to or arises out of" the arbitration agreement.

though Illinois law favors arbitration generally, JTH attempted to circumvent the intent of Illinois's franchisee protection statutes by establishing an unconscionable contract provision that forces franchisees into arbitration when wronged by JTH, but preserves the right to litigate its own claims in court. Fourth, Lee asserts that arbitration is inappropriate to the extent his Counterclaim concerns the four franchise territories located in Iowa, because Iowa law makes void the Illinois Addendum. Finally, Lee states that the first count of his Counterclaim, that JTH fraudulently induced him into the franchise agreements, should be decided by the Court pursuant to 9 U.S.C. § 2.

### A.  The FAA's Jurisdiction

Under the FAA, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2007). The FAA defines commerce as "commerce among the several States or with foreign nations . . . ." 9 U.S.C. § 1 (2007).

According to the terms of the statute, the arbitration agreements contained in the Illinois Addendum and attached to each franchise agreement into which Lee entered are governed by the FAA if the franchise agreements evidence a transaction involving commerce among the several States. See 9 U.S.C. §§ 1-2; see also Branchville Machinery Co., Inc. v. Agco Corp., 252 F. Supp. 2d 307, 309-10 (E.D. Va. 2003). Notably, the FAA does not require contracts containing arbitration agreements to explicitly reference the FAA's jurisdiction.

JTH is a Delaware corporation with its principle place of business in Virginia. Lee is a citizen of Illinois, doing business in Iowa and Illinois. As JTH sold Lee the rights to Liberty franchise territories located in Iowa and Illinois, the transactions between the two unquestionably involve interstate commerce. Therefore, the FAA governs the arbitration agreement in question,

despite the contract's lack of an explicit reference of jurisdiction. See Branchville Machinery Co., 252 F. Supp. 2d at 310.

### B. The Conscionability of The Illinois Addendum

Lee next argues that arbitration is not appropriate because the Illinois Addendum is "at best an unconscionable clause in the franchise agreements" since "franchise agreements are standard contracts between two parties with gross disparity in economic strength and bargaining power which favors the franchisors." (Def. Mem. in Opp. to Mot. to Compel 2.) Though Lee states that the Addendum is unconscionable in the opening clause of his argument, he supports the statement by arguing that the arbitration clause is unconscionable because it is contained within a contract that is unconscionable. In essence, Lee's claim is that because he had "no bargaining power to negotiate Liberty's standard franchise agreement," the contract, including the arbitration clause contained within it, is unconscionable. Aside from attacking the terms of the arbitration clause for unilaterally binding him, as franchisee, to arbitrate any claims relating to or arising out of the franchise agreement while allowing JTH, as franchisor, to bring any such claims in court, Lee offers no support for his claim that the arbitration clause, itself, is unconscionable.

Lee is incorrect in asserting that arbitration is inappropriate because the entire franchise agreement, including the Illinois Addendum, is unconscionable. "Principles of equity may counsel for invalidation of an arbitration agreement if the grounds for revocation relate specifically to the arbitration clause." Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 305 (4th Cir. 2001). However, where the party opposing arbitration alleges "unconscionability of the contract generally, these issues are determined by an arbitrator because the dispute pertains to the formation of the entire contract, rather than the arbitration agreement." Id. Therefore, Lee's claim that the franchise

agreement, including the Illinois Addendum, is unconscionable is appropriate for arbitration.

It is, however, within this Court's authority to invalidate unconscionable arbitration agreements. See id. "Unconscionability is a narrow doctrine whereby the challenged contract must be one which no reasonable person would enter into, and the 'inequality must be so gross as to shock the conscience.'" Id. (quoting L&E Corp. v. Days Inns of America, Inc., 992 F.2d 55, 59 (4th Cir. 1993). Under the precedent of the United States Court of Appeals for the Fourth Circuit, the inequality presented by the instant arbitration agreement is not so gross as to shock the conscience. See Johnson v. Circuit City Stores, 148 F.3d 373 (4th Cir. 1998); see also Louis v. Geneva Enterprises, Inc., 128 F. Supp. 2d 912 (E.D. Va. 2000).

In Johnson, Circuit City Stores moved for summary judgment on a complaint alleging employment discrimination on the basis that the plaintiff was bound by an arbitration agreement contained in the employment application. 148 F.3d at 376. As in the instant case, the arbitration agreement at issue in Johnson required arbitration only of the employee's claims against Circuit City, and did not require arbitration of claims Circuit City might have brought against Johnson. Id at 378. The Johnson Court was not troubled by such a provision, however, as it explained that requiring only one party to arbitrate complaints does not invalidate an arbitration agreement so long as the party that is not required to arbitrate its own claims has agreed "to be bound by the rules of the arbitration procedure and to be bound by its results," with respect to any claims the party who is required to arbitrate submits to arbitration. Id. at 379. See also Louis, 128 F. Supp. 2d at 914-15 (finding valid an arbitration agreement that required the plaintiff, but not the defendant, to submit claims to arbitration over the plaintiff's claim that the agreement was unenforceable because it unilaterally favored the party with dominant economic power). In signing the Illinois Addendum,

JTH agreed to be bound by the rules of arbitration and to be bound by its results should Lee submit a claim in arbitration. See O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273 (4th Cir. 1997) (holding that a party who proffers a contract to arbitrate has implicitly agreed to be bound by the arbitration process, even when that party is not required to arbitrate its own claims). Therefore, the arbitration agreement is not unconscionable.

### C. The Arbitration Agreement's Validity Under Illinois Law

Lee urges the Court to invalidate his agreement to arbitrate claims against JTH on the grounds that the unilateral agreement contravenes the intent of the Illinois Franchise Disclosure Act of 1987. 815 Ill. Comp. Stat. Ann. 705/1-44. Despite his concession that Illinois favors arbitration, Lee argues that allowing the arbitration of a unilateral agreement to arbitrate flies in the face of the Act, which is to protect the interests of franchisees. Nothing in the Franchise Disclosure Act prohibits arbitration agreements in which the franchisee alone is required to arbitrate its claims, however. Additionally, for the reasons stated in section II(B) of this report and recommendation, the arbitration agreement is not unconscionable. Accordingly, the arbitration agreement is not violative of the Franchise Disclosure Act.

### D. The Arbitration Agreement's Validity Under Iowa Law

To the extent that the four counts of his Counterclaim concern his Iowa franchises, Lee argues that arbitration is inappropriate because the arbitration agreements are invalid under Iowa law. He cites sections 3 and 4 of Title XIII, chapter 537A.10 of the Iowa Code in support of his assertion. These sections, however, merely make void any provision in a franchise agreement that restricts jurisdiction to a forum outside of the state, (3), and makes void any provision requiring a franchisee to waive compliance with, or relieving a person of a duty or liability imposed by, the

statute, (4). Neither of these sections invalidates an agreement to arbitrate, as such an agreement does not restrict jurisdiction to a forum outside of Iowa and does not require Lee to waive compliance with the statute or relieve JTH of any duties imposed by the statute. Moreover, section 3 of chapter 523H.3 explicitly provides that "[p]arties to a franchise may agree to independent arbitration, mediation, or other nonjudicial resolution of an existing or future dispute."

Lee's final argument for the invalidity of the agreement under Iowa law, that chapter 554.2302 of the Iowa Code makes void contracts and clauses to contracts that are unconscionable, also fails. First, as previously discussed, whether the franchise agreement is unconscionable is a question appropriate for arbitration. Second, as discussed in section II(B) of this report and recommendation, the clause providing for arbitration is not unconscionable. Third, Comment 1 to Chapter 554.2303 establishes that the purpose of the statute is to prevent oppression and unfair surprise and not to "disturb[] the allocation of risk because of superior bargaining power." Thus, the Court's finding that the arbitration agreement is not unconscionable, even though it evidences a disparity in bargaining power is completely supported by the stated purpose of Iowa Code Chapter 554.2303. For all of these reasons, the arbitration agreement is not invalid under Iowa law.

### E.  The Proper Forum for Deciding Count One of Lee's Counterclaim

Finally, Lee argues that arbitration is inappropriate at this stage because the first count of his Counterclaim, which alleges that JTH made false and intentionally misleading representations to him to entice him to sign the franchise agreements, should be resolved in court. He asserts that resolution of the claim in court is compelled by section 2 of the FAA, which invalidates agreements to arbitrate when grounds exist "at law or in equity for the revocation of any contract." Though Lee properly characterizes section 2, he incorrectly characterizes the forum in which fraud in the

inducement of a contract is to be decided when an arbitration agreement is in place. As established in <u>Prima Paint Corp. v. Flood & Conklin Mfg. Corp.</u>, 388 U.S. 395, 402-404 (1967), the language and policies of the FAA require that a party's claim that it was fraudulently induced to enter into a contract be resolved in arbitration. Therefore, count one of his Counterclaim presents an arbitrable issue for which arbitration may be compelled.

Having rejected each of Lee's arguments against arbitration of his Counterclaim, this Court is convinced that all four counts of his Counterclaim are arbitrable and, accordingly, must stay proceedings relating to the Counterclaim. 1 U.S.C. § 3. Additionally, the Court finds that by bringing his claims against JTH in court, Lee has failed to comply with the arbitration agreement. Therefore, the Court recommends that, in compliance with 1 U.S.C. § 4, an order be issued compelling arbitration of the Counterclaim.

### III. Recommendation

For the foregoing reasons, the Court recommends GRANTING JTH's motion to stay proceedings on Lee's Counterclaim pursuant to 1 U.S.C. § 3, and GRANTING JTH's motion to compel arbitration of the Counterclaim pursuant to 1 U.S.C. § 4.

### IV. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. A party may respond

to another party's objections within ten days after being served with a copy thereof.

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                          /s/
                                                            Tommy E. Miller
                                           UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 30, 2007

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Vanessa M. Szajnog
Liberty Tax Service
1716 Corporate Landing Pkwy
Virginia Beach, VA 23454

Ronald Lee
3600 33rd Aenue
Rock Island, IL 61201

By  _____
  Deputy Clerk

  April     , 2007